# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN SERRANO REYES,<br><br>    Petitioner,<br><br>    v.<br><br>R.J. SUBIA, Warden,<br><br>    Respondent. | Case No. CV 08-1857-RSWL (JTL)<br><br>MEMORANDUM AND ORDER GRANTING AND DENYING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION WITH LEAVE TO AMEND |

On March 19, 2008, Joaquin Serrano Reyes ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. Section 2254. On May 29, 2008, R.J. Subia ("Respondent") filed a Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss"), contending that the Petition should be dismissed because several of the claims alleged therein are unexhausted. Petitioner filed an Opposition to the Motion to Dismiss ("Opposition") on June 19, 2008.

This matter is now ready for decision.

**BACKGROUND**

On January 7, 2005, a Los Angeles County jury convicted Petitioner of nine counts of committing a lewd act upon a child (Cal. Penal Code § 288(a)). On February 4, 2005, the trial

court sentenced Petitioner to state prison for a term of fifty-five (55) years. (See Petition at 2; Respondent's Lodgment No. 1).

Petitioner appealed his conviction to the California Court of Appeal. On February 23, 2006, the court of appeal affirmed Petitioner's conviction in an unpublished opinion. (Respondent's Lodgment No. 2). Petitioner then filed a petition for review in the California Supreme Court. (Respondent's Lodgment No. 3). On June 14, 2006, the California Supreme Court denied review "without prejudice to any relief in which defendant might be entitled after the United States Supreme Court determines in Cunningham v. California, No. 05-6551, the effect of Blakely v. Washington (2004) 542 U.S. 296 and United States v. Booker (2005) 543 U.S. 220, on California law." (Respondent's Lodgment No. 4).

On May 21, 2007, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court. (Respondent's Lodgment No. 5). The superior court denied the habeas petition on May 30, 2007. (Respondent's Lodgment No. 6).

Thereafter, on May 31, 2007, Petitioner filed a petition for writ of habeas corpus in this Court in case number CV 07-3550-RSWL (JTL). Respondent moved to dismiss the petition on the ground that Petitioner had not fully exhausted one of the claims alleged therein. On August 9, 2007, the Court issued an Order, granting the Motion to Dismiss and dismissing the petition with leave to amend. On September 5, 2007, Petitioner filed a "Notice of Intent to Voluntarily Dismiss Petition," wherein he elected to voluntarily dismiss the entire petition without prejudice so that he could return to state court for the purpose of exhausting his state remedies on all claims and later file another federal habeas petition containing only exhausted claims. On October 22, 2007, the Court entered Judgment dismissing the petition without prejudice.

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal on July 16, 2007. (Respondent's Lodgment No. 7). The court of appeal denied the habeas petition on July 25, 2007. (Respondent's Lodgment No. 8).

On August 13, 2007, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Respondent's Lodgment No. 9). The California Supreme Court denied the petition for review on February 13, 2008, with citations to In re Dixon, 41 Cal. 2d 756 (1953);

In re Swain, 34 Cal. 2d 300, 304 (1949); People v. Duvall, 9 Cal. 4th 464, 474 (1995); and In re Lessard, 62 Cal. 2d 497, 503 (1965). (Respondent's Lodgment No. 10).

Petitioner then filed the instant Petition.

**PETITIONER'S CLAIMS**

1. The trial court erred by denying the defense's request for an expert in DNA forensics.

2. The trial court erred by failing to conduct a hearing pursuant to California Penal Code section 1368 to determine Petitioner's competence to stand trial.

3. The trial court erred by failing to conduct a Marsden hearing and an adequate inquiry under Faretta v. California, 422 U.S. 806 (1975).

4. The trial court violated Petitioner's right to a jury trial by sentencing him to the upper term on Count 1.

5. Pre-trial and post-trial counsel rendered ineffective assistance of counsel.

6. The prosecutor's knowing use of perjured testimony amounted to prosecutorial misconduct.

7. The prosecution's use of recanted testimony amounted to prosecutorial misconduct.

8. The prosecution misrepresented facts.

9. The prosecution violated Petitioner's right to a fair trial by misleading the defense as to evidence that the state intended to introduce and its theory of Petitioner's guilt.

10. The use of certain testimony under Evidence Code section 1108 violated Petitioner's Sixth Amendment right to confrontation.

11. The trial court judge demonstrated judicial bias which contributed to Petitioner's conviction and violated due process and Petitioner's right to a fair trial.

12. Petitioner was denied access to the law library, and the trial court judge was aware of Petitioner's limited access to the law library.

///

13. Petitioner suffered cruel and unusual punishment because Deputy Mark Romero caused such fear, stress, worry and anguish such that Petitioner could not effectively defend himself, which was a Sixth Amendment violation.

14. Deputies forced Petitioner to bend, spread and cough repeatedly on two separate occasions, which meets the "Fourth Amendment threshold to shock the conscience" and automatically overturns Petitioner's conviction.

15. The trial court erred in sentencing Petitioner to the upper term on Count 1 and consecutive sentences on Counts 2 through 9.

16. The California Court of Appeal erred in denying Petitioner's writ of mandate requesting an immediate stay.

## DISCUSSION

Respondent contends that the Petition should be dismissed because Claims One, Eleven, Twelve and Sixteen are unexhausted. (Motion to Dismiss at 3-5).

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b); Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A petitioner satisfies the exhaustion requirement if the petitioner has fairly presented the federal claims to the state courts in order to give the state the opportunity to pass upon alleged violations of the prisoner's federal rights. Duncan, 513 U.S. at 365. A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See id. at 366.

Unless the state expressly waives the exhaustion requirement, a federal court cannot grant a state prisoner's habeas petition if the prisoner has not exhausted state remedies with respect to each and every claim contained in the petition. 28 U.S.C. § 2254(b); Reutter v. Crandel, 109 F.3d 575, 578 (9th Cir. 1997) (even petitions containing both exhausted and unexhausted claims are subject to dismissal); Rose v. Lundy, 455 U.S. 509, 522 (1982); Calderon v. United States Dist. Ct., 107 F.3d 756, 760 (9th Cir. 1997). Thus, a federal habeas corpus petition that includes both exhausted and unexhausted claims is a "mixed petition" and

should be dismissed in its entirety without prejudice. See Rose, 455 U.S. at 510, 522; see also Castile v. Peoples, 489 U.S. 346, 349 (1989). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 2000) (quoting Brown v. Mass, 11 F.3d 914, 915 (9th Cir. 1993)).

The Ninth Circuit has recognized that, for purposes of exhaustion, pro se habeas petitions are held to a more lenient standard than counseled petitions. Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003) (citing Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) ("[T]he complete exhaustion rule is not to trap the unwary pro se prisoner.") (quoting Slack v. McDaniel, 529 U.S. 473, 487 (2000))); see also Davis v. Silva, 511 F.3d 1005, 1009 & n.4 (9th Cir. 2008).

In Claim One, Petitioner claims that the trial court erred by denying the defense's request for an expert in DNA forensics. (Petition at 5). In support of this claim, Petitioner states that the trial court denied Petitioner's request for appointment of an expert witness to defend against the prosecution's expert witness, and that the trial court sustained the prosecution's objection to Petitioner's testimony and did not allow Petitioner any opportunity to defend against the DNA evidence. (Id.). Respondent contends that Claim One is unexhausted because Petitioner did not assert error by the trial court in sustaining an objection to Petitioner's testimony relating to rebutting DNA evidence in either a petition for review or a habeas corpus petition in the California Supreme Court. (See Motion to Dismiss at 4-5). Respondent contends that because this fact "fundamentally changes the nature of the claim . . . by adding an error, it is unexhausted." (Id. at 4).

In order to appropriately exhaust his factual allegations in state court, Petitioner must present a "thorough description of the operative facts before the highest state court." Kelly v. Small, 315 F.3d 1063, 1069 (9th Cir. 2002), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). However, new factual allegations do not render a claim unexhausted unless they "fundamentally alter the legal claim already considered by the state courts." Vasquez v. Hillery, 474 U.S. 254, 260 (1986); Nickerson v. Roe, 260 F. Supp. 2d 875,

891 (N.D. Cal. 2003). Thus, in habeas proceedings, federal courts may not entertain new evidence that was never presented to the state courts and that "places the claim in a significantly different posture." Nickerson, 260 F. Supp. 2d at 891 (citing Nevius v. Sumner, 852 F.2d 463, 470 (9th Cir. 1988), cert. denied, 490 U.S. 1059 (1989)).

Upon review of the current record, the Court concludes that Petitioner sufficiently raised Claim One before the California Supreme Court. In his petition for review on direct appeal, Petitioner asserted that the trial court erred by denying Petitioner's request for an expert in DNA forensics, thereby denying Petitioner's rights to effective assistance of counsel and due process. (See Respondent's Lodgment No. 3 at 8-15). Petitioner asserted that he filed a written motion for appointment of his own expert witness and orally argued in support of the motion. (See id. at 11). Petitioner further asserted that he set forth good cause for a defense DNA expert in his written motion and referenced the California Court of Appeal's focus on Petitioner's inability to articulate well-reasoned grounds in support of his need of an expert, for example by "quot[ing] [P]etitioner's argument regarding water and jellyfish, and sticking a pencil in his ear." (See id. at 12). Petitioner attached the court of appeal's opinion affirming his conviction to the petition for review, which states that Petitioner requested appointment of an expert on DNA and, during a hearing on Petitioner's pretrial motions, explained:

> "As far as what I'm understanding, it's something in the percentages, something that's the same and something that can be considered the same, like, you know, watermelon being 97 percent water, a jellyfish being 97 percent water, and a rain cloud being 97 percent water. They are all 97 percent water, so they are all equal, they are all the same. [¶] Well, [deoxyribonucleic acid] works in the same way and that's what the equilibrium would cancel out in the experimental viewing of the statistical analyses . . . Well, I'm going to show you right here, right now. Do you see this right here?" . . . The [trial] court noted that [Petitioner] was scratching his ear with a pencil.

(See Respondent's Lodgment No. 3, Attachment A to Petition for Review at 7-8). The trial court asked Petitioner if he had anything further to say regarding the DNA expert Petitioner wished to appoint and, when Petitioner said, "No," denied Petitioner's motion for appointment of an expert witness. (See id., Attachment A to Petition for Review at 8). The court of appeal further recounted the trial court's statements that Petitioner had not demonstrated, in writing or orally, a specific need for an expert witness, and that Petitioner's "oral pronouncements" had not convinced the trial court that the expert Petitioner wished to appoint would have anything to add to the case. (See id.). In light of the foregoing, the Court declines to construe Petitioner's statement that the trial court "sustained an objection to Petitioner's testimony" by the prosecution as a claim of error by the trial court in sustaining an objection to Petitioner's testimony relative to rebutting DNA evidence. Petitioner does not allege within Claim One that the prosecution objected to his testimony relative to rebutting DNA evidence. Rather, the Court liberally construes the statement as alleging that the trial court sustained an objection to Petitioner's testimony in support of his request for appointment of a defense expert DNA witness. See Sanders, 342 F.3d at 999; cf. Baldwin v. Reese, 541 U.S. 27, 32 (2004) ("[O]rdinarily state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."). Furthermore, such a factual allegation does not fundamentally alter the nature of Petitioner's claim, nor does the mere fact that Petitioner did not specifically raise this factual allegation in the state courts render the Claim One unexhausted. See Vasquez, 474 U.S. at 260 (new factual allegations do not render a claim unexhausted unless they fundamentally alter the claim already considered by the state courts); Chacon v. Wood, 36 F.3d 1459, 1467 (9th Cir. 1994) ("A habeas petitioner may, however, reformulate somewhat the claims made in state court; exhaustion requires only that the substance of the federal claim be fairly presented.") (quotation marks and citation omitted), superseded on other grounds by 28 U.S.C. § 2253(c); Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988) ("[Where] a federal habeas petitioner presents newly discovered evidence or other evidence not before the state courts such as to

place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it, the state courts must be given an opportunity to consider the evidence.") (citation omitted). Accordingly, insofar as Petitioner's statement relates to his testimony in support of his motion for appointment of an expert witness, the Court finds that Claim One is exhausted.

Respondent also contends that Claim Eleven is unexhausted. (See Motion to Dismiss at 5). In Claim Eleven, Petitioner claims that the trial court judge demonstrated judicial bias which contributed to Petitioner's conviction and violated due process and Petitioner's right to a fair trial. (Petition at 8). In support of Claim Eleven, Petitioner recites several facts relating to instances of judicial bias, including the trial court's statement at the sentencing hearing, "You shoot people." (Id.). Petitioner asserts that he "has never touched a gun in his life, never charged with any gun charges. He was very bias [sic] at sentencing Petitioner to 55 years on this unfound statement." (Id.). Respondent contends that Petitioner failed to present to the California Supreme Court the factual allegation that the trial court said, "You shoot people" and that the factual allegation alters the nature of Claim Eleven. (See Motion to Dismiss at 5; Petition at 8). The Court agrees. Although Petitioner raised a claim of judicial bias in his habeas corpus petition in the California Supreme Court, he did not allege judicial bias based on the trial court's statement, "You shoot people." (See Respondent's Lodgment No. 9 at 9, Exhs. C, M-Q). In particular, Petitioner referenced the fact that the judge denied his right to call a certain witness. (Respondent's Lodgment No. 9 at 9, Exh. C at 5). Thus, Petitioner's current claim of judicial bias is based upon a fact that the state courts did not have an opportunity to consider. Because this new allegation constitutes an operative fact in support of Petitioner's claim, and the state courts did not have a chance to review these facts, this Court finds that Claim Eleven is unexhausted. See Kelly, 315 F.3d at 1069; see, e.g., Aiken, 841 F.2d at 883-84 (Court held that because the petitioner presented new evidence in the form of decibel-level studies, which was material to the issue of whether the interrogating officers heard and ignored the petitioner's requests for counsel and for the interrogation to cease, the petitioner failed to exhaust his state remedies). But see, e.g., Nickerson, 260 F. Supp. 2d at 891 ("The

introduction of new evidence of actual innocence in Nickerson's federal petition does not raise exhaustion issues because the evidence does not relate directly to Nickerson's substantive claims of police misconduct or ineffective assistance of counsel, and so does not place those claims in a new light.").

  Finally, Respondent argues that Claims Twelve and Sixteen are unexhausted because Petitioner failed to alert the California Supreme Court as to the federal nature of these claims. (See Motion to Dismiss at 5). In Claim Twelve, Petitioner asserts that he was denied access to the law library, and the trial court judge was aware of Petitioner's limited access to the law library. (See Petition at 10). Petitioner previously raised this claim in his habeas corpus petition in the California Supreme Court. (See Respondent's Lodgment 9 at 11, Exhs. R, S). Petitioner attached as an exhibit to the habeas petition a copy of the habeas petition he had previously filed in the Los Angeles County Superior Court. (See id., Exh. C; see also Respondent's Lodgment No. 5). In his superior court habeas petition, Petitioner asserted the following:

> The federal appellate courts have split or [sic] whether Faretta, which establishes a 6th amendment right to self-representation, implies a right of the pro se defendant to have access to a law library. [P]etitioner was terrorized and threatened by bodily harm which [the trial court] was aware of before, during and after this trial for invoking his 6th amendment right, which the [trial court] did'nt [sic] do anything about and allowed for a beating to occure [sic] . . . for demanding deputies to do their duty to escort [P]etitioner to the law library. (see Exhibit A))[.]

(See Respondent's Lodgment No. 9, Exh. C). In Faretta v. California, 422 U.S. 806, 818-822, 833-34 (1975), the United States Supreme Court recognized a right under the Sixth Amendment for criminal defendants to represent themselves. Further, Petitioner attached as an exhibit to his superior court habeas corpus petition a copy of a civil rights complaint he had filed against Deputy Romero, within which Petitioner asserted that between November 3, 2004, when he was granted pro per status in his trial, and January 3, 2006, when his trial ended,

9

Petitioner "had a very hard time to be escorted to the law library because I was in protective custody and the Deputies didn't like to get up and have to walk me to the law library. I missed more than half the schedules sessions because of their lack of duty . . ." (See Respondent's Lodgment 9, Exhibit A to Exhibit C).  In light of the foregoing, the Court finds Petitioner's allegations were sufficient to put the state courts on notice of Petitioner's present claim. See Kim v. Villalobos, 799 F.2d 1317, 1320 (9th Cir. 1986) (finding that Petitioner fairly presented his claims to the California Supreme Court where petitioner attached as an exhibit his earlier petition in the California Court of Appeal outlining his claims).  Accordingly, the Court finds that Claim Twelve is exhausted.  Cf. Baldwin, 541 U.S. at 33 (stating that petitioner's state habeas petition provided no citation to any case that would have alerted the state court to the federal nature of his claim, and did not contain a factual description supporting the claim); Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); Fields v. Waddington, 401 F.3d 1018, 1021-22 (9th Cir. 2005); Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2004) (stating that in order to "exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing."); Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (to satisfy the fair presentation requirement, "the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is 'self evident.'"), amended by 247 F.3d 904 (9th Cir. 2001).

In Claim Sixteen, Petitioner claims that the California Court of Appeal erred in denying Petitioner's writ of mandate requesting an immediate stay. (Petition at 11).  Petitioner asserts that he filed a writ of mandate at the start of his trial, requesting an immediate stay of the proceedings because the trial court had denied Petitioner's request for continuance.  (See id.). Although Petitioner previously raised this claim in his habeas petition in the California Supreme Court, Petitioner did not cite to any federal authorities or case law in support of his claim, or otherwise put the California Supreme Court on notice that Petitioner was alleging a violation of

a federal constitutional right. (See Respondent's Lodgment No. 9 at 15, Exh. X). Thus, the Court finds that Claim Sixteen is unexhausted. See Baldwin, 541 U.S. at 33; Gray, 518 U.S. at 162-63.

In sum, the Court concludes that Claims One and Twelve are exhausted, and that Claims Eleven and Sixteen are unexhausted. The Court, therefore, grants Respondent's Motion to Dismiss in part and denies the Motion to Dismiss in part.[1]

**ORDER**

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss is **GRANTED** as to Claims Eleven and Sixteen in the Petition and **DENIED** as to Claims One and Twelve. The Petition is **DISMISSED WITH LEAVE TO AMEND**. Petitioner may pursue one of the following options:

(1) First, Petitioner may, within twenty-one (21) days of the date of this Order, inform the Court that he elects to abandon his unexhausted Claim Eleven, in its entirety or only as to the unexhausted portion thereof, and unexhausted Claim Sixteen, and pursue this action solely on the basis of his exhausted claims, by filing a First Amended Petition on the approved Central District habeas form that deletes the unexhausted Claim Eleven, in its entirety or the unexhausted portion thereof, and Claim Sixteen. See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000); Griffey v. Lindsey, 345 F.3d 1058, 1061-62 (9th Cir. 2003), vacated on other grounds as moot by 349 F.3d 1157 (9th Cir. 2003). The clerk is directed to provide Petitioner with a blank Petition for Writ of Habeas Corpus Form approved by the Central District for this purpose.

---

[1] Respondent also argues that Claims Thirteen and Fourteen are not cognizable on federal habeas corpus and should be raised in a civil rights action pursuant to 42 U.S.C. Section 1983. (See Motion to Dismiss at 7-8). At this point in time, the Court declines to address this argument. If Respondent is later required to address the merits of Petitioner's claims, and file an Answer to the Petition, Respondent may re-raise this argument in the Answer.

The Court cautions Petitioner that by filing a First Amended Petition in which he abandons his unexhausted Claims Eleven and Sixteen, Petitioner would risk forfeiture of the deleted claims. If Petitioner later exhausts the deleted claims and wishes to return to federal court, any future federal habeas petition by Petitioner addressing the same conviction may be precluded as successive under 28 U.S.C. Section 2244(a)-(b) or as untimely by the statute of limitations under 28 U.S.C. Section 2244(d).[2]

(2) Second, Petitioner may, within twenty-one (21) days from the date of this Order, file a motion requesting that the Court stay the instant Petition. Should he elect to do so, Petitioner must file a Motion to Stay Petition. Additionally, in light of Rhines v. Weber, 544 U.S. 269 (2005), Petitioner should set forth in the motion whether "good cause" exists for Petitioner's failure to exhaust his currently unexhausted Claims Eleven and Sixteen and whether Petitioner has been diligent in pursuing relief. The Court will then determine whether a stay and abeyance procedure is available to Petitioner. If the Court grants Petitioner's Motion to Stay Petition, Petitioner may then return to state court and exhaust his currently unexhausted Claims

---

[2] All habeas petitions challenging a state court conviction are subject to AEDPA's one-year statute of limitations. The one-year statute of limitations is "statutorily tolled" under Section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, "properly filed" refers to the requirements for filing, not the requirements for obtaining relief. See Tillema v. Long, 253 F.3d 494, 499 (9th Cir. 2001) (applying Artuz v. Bennett, 531 U.S. 4 (2000)). The limitation period "is tolled during the pendency of a state application challenging the pertinent judgment, even if the particular application does not include a claim later asserted in the federal habeas petition." Tillema, 253 F.3d at 502. An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is in continuance – i.e., until the completion of that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002). The statute of limitations is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000). Statutory tolling also does not apply during the pendency of a prior federal habeas petition. See Duncan, 533 U.S. at 181-82.

Further, the Ninth Circuit permits equitable tolling of the statute limitations period only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir.), cert. denied, 526 U.S. 1060 (1999) (petitioner's mental incompetence rendered him unable to assist counsel). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).

1 Eleven and Sixteen. Thereafter, the Petition will be stayed for thirty (30) days following entry
2 of a final judgment by the California Supreme Court on Petitioner's new state petition.

3 Once the California Supreme Court has decided Petitioner's new state habeas petition,
4 Petitioner may then file a Motion to Amend the instant Petition to add the newly exhausted
5 Claims Eleven and Sixteen. The Court admonishes Petitioner that he may not raise any newly
6 exhausted claims that were not raised in his original Petition in any future amended federal
7 habeas petition; if Petitioner raises claims that he failed to raise in his original Petition, the
8 statute of limitations may bar the new claims.[3]

9 (3) Finally, Petitioner may elect to return to state court for the purpose of exhausting his
10 state remedies on all claims and later file another habeas petition in federal court containing
11 only exhausted claims. If Petitioner elects to return to state court for this purpose, Petitioner
12 may, within twenty-one (21) days of the date of this Order, inform the Court that he wishes to
13 voluntarily dismiss the entire Petition without prejudice by filing a Notice of Intent to Voluntarily
14 Dismiss Petition.

15 The Court, however, admonishes Petitioner that any new petition would be subject to the
16 statute of limitations in 28 U.S.C. Section 2244(d).[4] Although 28 U.S.C. Section 2244(d)(2) tolls
17 the limitations period during the pendency of "a properly filed application for State post-
18 conviction or other collateral review," the limitations period would not be tolled during the
19 pendency of the instant federal Petition. Duncan, 533 U.S. at 176-78. Thus, if Petitioner elects
20 to dismiss the Petition and return to state court, any new federal petition may be barred by the
21 one-year statute of limitations unless Petitioner can establish adequate grounds for equitable
22 or statutory tolling. Accordingly, if Petitioner intends to elect this option, the Court shall prepare
23 a Report and Recommendation for the District Court stating that Petitioner has elected to
24 dismiss the Petition without prejudice. See Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).
25 ///

---

[3] See supra n.2.

[4] See supra n.2.

13

The Court cautions Petitioner that his failure to timely respond to this Order may result in a recommendation that the action be dismissed without prejudice for failure to exhaust state remedies and failure to prosecute.

DATED: July 3, 2008

                                                  /s/
                                    JENNIFER T. LUM
                                    UNITED STATES MAGISTRATE JUDGE